MDR

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Juvenal Hernandez-Gonzalez,

Petitioner,

v.

Warden Eric Rokosky,

Respondent.

No. CV-26-04839-PHX-MTL

**ORDER**

On July 10, 2026, self-represented Petitioner Juvenal Hernandez-Gonzalez, who is confined in the Eloy Detention Center, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) challenging his immigration detention. The Court will deny the Petition and dismiss this action.

**I.      Petitioner's First  Petition**

Petitioner first sought habeas corpus relief in *Hernandez-Gonzalez v. Mullin*, CV 26-02380-PHX-MTL (CDB). The issue in that case was whether Petitioner, who had entered the United States without inspection in 2000, was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) or eligible for a bond determination under 8 U.S.C. § 1226(a). In an April 8, 2026 Order, the Court denied the petition, concluding Petitioner was subject to mandatory detention under § 1225(b)(2)(A). *See* Doc. 3 in CV-26-02380.

**II.      Petitioner's Current Petition**

In his current Petition, Petitioner states that he has been detained since February 6, 2026. He claims an order of removal was issued on June 10, 2026, and he did not appeal

the order.  Petitioner contends he has been subjected to unlawful prolonged detention, raises claims regarding §§ 1225 and 1226,* and contends he has been deprived of due process.  He seeks release from detention.

**III.    Discussion**

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(1)(A).  During the 90-day removal period, continued detention is mandatory.  *Id.* § 1231(a)(2).  "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed."  *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004).

Petitioner alleges he did not appeal his June 10, 2026 removal order.  Thus, the removal order became final on July 10, 2026.  *See* 8 C.F.R. § 1241.1(b), (c) (an order of removal becomes final upon "waiver of appeal by the respondent" or "expiration of the time allotted for appeal if the respondent does not file an appeal within that time"); *id.* § 1003.38(b) (allowing 30 calendar days to appeal an IJ's decision).  Because Petitioner filed his § 2241 Petition during the 90-day removal period, the Court will deny the Petition and dismiss this action.  *Khotesouvan*, 386 F.3d at 1301 ("Because petitioners filed their habeas petitions during the 90-day removal period, the district court correctly dismissed the petitions.").

Petitioner can file a new petition after 90 days have passed.  After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or to release them under an order of supervision.  8 U.S.C. § 1231(a)(6).  However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable."  *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

---

* The issue regarding §§ 1225 and 1226 was resolved in Petitioner's prior action. And because Petitioner was ordered removed and did not appeal the removal order, his detention is governed by § 1231, not §§ 1225 and 1226.

- 2 -

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 13th day of July, 2026.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge